6:06-CV-2303 LO
JUDGE MELANCON
MAGISTRATE JUDGE HILL

U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

DEC 0 8 2006

ROBERT H. SHEMWELL, CLERK
BY HED
DEPUTY

| | | |
|---|---|---|
| ORISE J. SOILEAU, INDIVIDUALLY AND ON BEHALF OF HIS MINOR CHILDREN, LINDSEY SOILEAU, LANDON SOILEAU AND CADEYN SOILEAU, AND DANIELLE SOILEAU | * | DOCKET NUMBER: 116258 "G" |
| | * | 16TH JUDICIAL DISTRICT COURT |
| VERSUS | | |
| ABC INSURANCE COMPANY, MARINER ENERGY, INC., XYZ INSURANCE COMPANY, SEACOR MARINE L.L.C., AND GREGORY A. ALEXANDER | * | PARISH OF ST. MARY |
| | * | STATE OF LOUISIANA |

*****************************************************************************

## PETITION

NOW INTO COURT, through undersigned counsel, come ORISE J. SOILEAU, (individually and on behalf of his minor children, LINDSEY SOILEAU, LANDON SOILEAU AND CADEYN SOILEAU) and DANIELLE SOILEAU, both married to and living with each other, both residents of the full age of majority of the Parish of Evangeline, State of Louisiana, who with respect represent:

1.

Made defendants herein are:

A. ABC INSURANCE COMPANY, a foreign insurer licensed to do and doing business within the State of Louisiana, that at all times relevant herein provided coverage for the faults of MARINER ENERGY, INC. and its employees, alleged herein, and is therefore liable to petitioners for damages caused through that fault.

B. MARINER ENERGY, INC., a foreign corporation licensed to do and doing business in the State of Louisiana.

C. XYZ INSURANCE COMPANY, a foreign insurer licensed to do and doing business within the State of Louisiana, that at all times relevant herein provided coverage for the faults of SEACOR Marine L.L.C. and its employees, alleged herein, and is therefore liable to petitioners for damages caused through that fault.

D. SEACOR MARINE L.L.C., a foreign corporation licensed to do and doing business in the State of Louisiana, with its principal place of business in Morgan City, Louisiana.

E. GREGORY A. ALEXANDER, a person of the full age of majority residing in Lake Arthur, Louisiana, who was in the course and scope of his employment with Mariner Energy, Inc.

2.

On or about July 21, 2006, petitioner, ORISE J. SOILEAU, was acting in the course and scope of his employment with BAKER ENERGY on a MARINER ENERGY, INC. platform designated as Grand Isle 75 located on the Outer Continental Shelf, South of the State of Louisiana.

3.

On or about July 21, 2006, MARINER ENERGY, INC. employee GREGORY A. ALEXANDER ordered ORISE J. SOILEAU to board a crewboat believed to be the "MISS MELISSA" and to perform a hazardous and unsafe unloading procedure from the "MISS MELISSA" whereby heavy doors were offloaded the "MISS MELISSA" onto MARINER ENERGY, INC. platform at Grand Isle 75 [upon information and belief the crewboat "MISS MELISSA" is owned by SEACOR MARINE L.L.C. and chartered by MARINER ENERGY, INC. at all time pertinent hereto].

4.

On or about July 21, 2006, MARINER ENERGY, INC. employee GREGORY A. ALEXANDER and the SEACOR MARINE L.L.C. boat captain ordered ORISE J. SOILEAU to use rope to unload heavy panel doors from the "MISS MELISSA" onto MARINER ENERGY, INC. platform at Grand Isle 75, using a pulley system requiring that ORISE J. SOILEAU unload the boat by lifting over the rails atop the platform and pulling heavy panel doors over the railing, resulting in severe injury and damages to the person of ORISE J. SOILEAU.

5.

The above described incident resulted from the fault and/or negligence of defendant, MARINER ENERGY, INC. and its employees (including, but not limited to GREGORY A. ALEXANDER), in the following non-exclusive particulars:

A. In creating an unsafe condition;

B. In ordering and directing the improper and unsafe unloading of its chartered vessel;

C. In improperly unloading its chartered vessel;

D. In ordering and directing ORISE J. SOILEAU to unload its chartered vessel in an unsafe manner;

E. In disregarding rules and regulations created for the safety of employees working on its chartered vessel and platform(s);

F. In utilizing a vessel that was unfit for the job assigned;

G. In failing to use under its charter and at its disposal to safely unload the doors onto the platform;

H. In otherwise using unsafe equipment and unloading practices in this matter.

6.

The above described incident also resulted from the fault and/or negligence of defendant, SEACOR MARINE L.L.C., owner and operator of the "MISS MELISSA", in the following, non-exclusive particulars:

A. In creating an unsafe condition;

B. In improperly unloading its vessel;

C. In ordering ORISE J. SOILEAU to unload its vessel in an unsafe manner;

D. Disregarding rules and regulations created for the safety of workers on its vessel;

F. In utilizing a vessel that was unfit for the job assigned;

G. In failing to use lift boats at its disposal to safely unload the doors onto the platform;

H. In otherwise using unsafe equipment and unloading practices in this matter.

7.

The operation that lead to petitioner ORISE J. SOILEAU's injury could not have been performed without the vessel, and the vessel was an integral part of the operation.

8.

As a result of the above, petitioner ORISE J. SOILEAU sustained serious and painful injuries that have caused physical and mental suffering and disability, both past and future, loss of earning capacity, both past and future, and that has required him to incur medical expenses, both past and future, all of which have entitled him to recover a sum reasonable in the premises.

9.

As a result of the injuries to her husband, DANIELLE SOILEAU has sustained a loss of companionship, consortium and support, which entitles her to recover a sum reasonable in the premises.

10.

As a result of the injuries sustained by their father as described herein, petitioner, ORISE J. SOILEAU, ON BEHALF OF HIS MINOR CHILDREN, LINDSEY SOILEAU, LANDON SOILEAU AND CADEYN SOILEAU and DANIELLE SOILEAU, are entitled to recover each child's loss of consortium, society and support in a sum reasonable in the premises.

11.

The sum claimed by each petitioner herein exceeds $50,000.00 exclusive of interest and costs.

12.

Petitioner ORISE J. SOILEAU pray for any and all punitive damages available under maritime law in this matter.

WHEREFORE, petitioner prays that a certified copy of this complaint be served upon defendants and that after due proceedings are had there be judgement herein in favor of petitioners, ORISE J. SOILEAU, individually and on behalf of his minor children, LINDSEY SOILEAU, LANDON SOILEAU AND CADEYN SOILEAU, and DANIELLE SOILEAU, and against ABC INSURANCE COMPANY, MARINER ENERGY, INC., XYZ INSURANCE COMPANY, SEACOR MARINE L.L.C., and GREGORY A. ALEXANDER, jointly, severally and in solido in a sum reasonable in the premises together with legal interest from the date of this incident until paid and for all costs of these proceedings.

Respectfully submitted,

BROUSSARD & DAVID

Richard C. Broussard (No. 3526)
Blake R. David (No. 27427)
P. O. Box 3524
Lafayette, Louisiana 70502-3524
(337) 233-2323 - Telephone
(337) 233-2353 - Fax

**PLEASE SERVE:**

MARINER ENERGY, INC.
Through Agent for Service
CT Corporation System
8550 United Plaza Blvd.
BatonRouge, LA 70809

SEACOR MARINE, LLC
Through Agent for Service
Lenny P. Dantin
5005 Railroad Avenue
Morgan City, LA 70380

GREGORY A. ALEXANDER
918 Hanks Road
Lake Arthur, LA 70549

CLERK'S OFFICE, FRANKLIN, LA
NOV 08 2006
A true copy of the original
Attest: [signature]
Dy. Clerk of Court

RECEIVED AND FILED
NOV 06 2006
/s/ JENNIFER R. SPLANE
DY. CLERK OF COURT